# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SIMON ERIC REED                                                                                  PLAINTIFF

v.                                            4:17cv00849-JM-JJV

SCOTT BRADLEY, *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Simon Eric Reed ("Plaintiff") was an inmate at the Faulkner County Detention Center at the time he filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) United States District Judge James M. Moody, Jr. dismissed multiple of Plaintiff's claims upon screening Plaintiff's Amended Complaint. (Doc. Nos. 11, 18.) His unlawful arrest and detention claim against Defendants Gurley and Pike (collectively "Defendants") was served, along with his claim against Pike that his vehicle was unlawfully seized. (*Id*.) Defendants have now filed a Motion for Summary Judgment. (Doc. Nos. 48-50.) Plaintiff opposed Defendants' Motion and filed a competing Motion for Summary Judgment. (Doc. No. 54.) This matter is now ripe for a decision. After careful review, and for the following reasons, I find Plaintiff's Motion for Summary Judgment should be DENIED, Defendants' Motion for Summary Judgment should be GRANTED, and this case should be DISMISSED.

### II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  ANALYSIS

Plaintiff alleges Defendants served him with a warrant for his arrest on charges of residential burglary and criminal trespass.  (Doc. No. 11 at 4-6, 9).  He maintains Defendants should not have arrested him because they knew he shared a residence with a friend at the property in question and had been asked to repair some things on the house.  (*Id.*).  Plaintiff was incarcerated at the Van Buren County Detention Center after his arrest and contested his continued detention.  (*Id.* at 6).  The charges against him were ultimately *nolle prossed*.  (Doc. No. 50-2 at 26-27.)

3

In support of their Motion for Summary Judgment, Defendants submitted an incident report, affidavit for warrant of arrest, the corresponding bench warrant, a no contact order, and an arrest disposition report, among other evidence. (Doc. Nos. 50-2; 50-3.) Incident Report number 1612231903 reflects that Officer Michael Thurman received a call from dispatch stating that Wendell Duncan needed help in connection with Plaintiff breaking in to his trailer. (Doc. No. 50-2 at 1-2.) According to the Incident Report, Plaintiff had broken into Mr. Duncan's house before and had been advised that if he did it again, Mr. Duncan would press charges. Deputy Thurman arrived at the scene with Deputies Stephen Love and Tim Pike as back-up. (*Id*. at 2.) As they neared the house, the officers observed smoke coming out of the stove exhaust, indicating the house was being heated.

After receiving permission from Mr. Duncan to enter the home, the officers went inside, but no one was there. Upon exiting the trailer, Deputy Thurman saw a woman, Ms. Walton, coming out from beneath the trailer. Deputy Thurman questioned Ms. Walton about what she was doing there; she explained that she was there with Plaintiff, who had broken into the home. (*Id*.) The woman also explained that Plaintiff told her Mr. Duncan had instructed him to go to the house and build a fire. (*Id*.) According to the Incident Report, Deputy Thurman called Mr. Duncan who denied having told anyone to enter the trailer, and if his son had expected anyone at the home, he would have let Mr. Duncan know. (*Id*.) Ms. Walton was arrested at that time because she was wanted on a felony warrant out of Cleburne County. The officers were unable to locate Plaintiff because he ran into the woods with his dog after seeing the officers arrive at the house. (*Id*.)

Deputy Thurman provided these same facts in his affidavit for a warrant of arrest. (Doc. No. 50-2 at 3.) On December 27, 2016, a judge found probable cause to issuance a warrant of arrest for Plaintiff for residential burglary and criminal trespassing. (*Id*. at 3-4.) A Van Buren

County bench warrant was issued for Plaintiff on December 27, 2016 for the charges of residential burglary and criminal trespass. (*Id*. at 5.) Also on December 27, 2016, Circuit Court Judge H.G. Foster issued a no contact order pursuant to which Plaintiff was ordered not to contact Mr. Duncan or his immediate family and to stay away from their residence and place of work. Plaintiff was arrested pursuant to the bench warrant on January 4, 2017. (*Id*. at 9.)

Plaintiff did not sue Deputy Thurman or Mr. Duncan in this action. Rather, his currently-pending claims are directed at Defendants Pike and Gurley. According to the Amended Complaint, Mr. Duncan did not like Plaintiff because Mr. Duncan thought Plaintiff was a bad influence on Mr. Duncan's son. (Doc. No. 11 at 6.) Mr. Duncan was allegedly "really close" to Defendant Pike, "so in a dirty get Eric Reed sent to prison move" Plaintiff was charged with residential burglary and criminal trespass. (*Id*.)

A. **Official-Capacity Claims**

Plaintiff sued Defendants in their personal and official capacities. His official capacity claims against Defendants are the "equivalent to a suit against the employment governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To establish municipal liability, a plaintiff must identify a policy, practice, or custom that was the moving force behind the alleged violation of his rights. *Johnson v. Blaukat*, 453 F.3d 1108, 1114 (8th Cir. 2006). This Plaintiff did not do. While Plaintiff's Amended Complaint both refers to a "blue code" pursuant to which officers back one another up and includes loose allegations of a conspiracy between the Sheriff's Office, Detention Center, and Prosecutor's Office to hold detainees "in undesirable detention hoping to get a conviction simply because detainees [are] in horrible conditions" (Doc. No. 11 at 11), these references do not indicate a policy, practice, or custom that was the moving force behind the pending alleged violation of Plaintiff's rights—unlawful arrest

5

and unlawful seizure of his vehicle. Accordingly, I recommend his official capacity claims be dismissed.

### B.     The Affidavit in Support of the Arrest Warrant

Plaintiff maintains there was no probable cause for his arrest, and he contests the information included in the affidavit in support of the warrant for his arrest. (Doc. No. 11 at 9.). These are distinct issues. "A claim that an affiant recklessly or deliberately provided false testimony in support of an arrest warrant is distinct from a claim that the warrant was not supported by probable cause." *Odom v. Kaizer*, 638 Fed. Appx. 553, 554 (8th Cir. 2016) (unpublished *per curiam*) (*citing Murray v. Lene*, 595 F.3d 868, 872 (8th Cir, 2010)).

Based on the records in evidence, Defendant Pike was with Deputy Thurman at the trailer on December 23, 2016 when Deputy Thurman responded to the call from dispatch. (Doc. No. 48-2.) Plaintiff alleges he heard Defendant Pike tell Deputy Thurman "how to write it," presumably referring to the incident report. (Doc. No. 11 at 6.) Plaintiff does not allege further specific action by Defendant Pike while he was at the trailer, and Defendant Gurley was not present. Defendant Thurman used the events as set out in his incident report in his affidavit in support of the issuance of the arrest warrant.

Plaintiff maintains there is a genuine issue of material fact the precludes the entry of summary judgment in Defendants' favor. (Doc. No. 54 at 2.) Namely, he argues that "Plaintiff was arrested solely on information supplied by Tim Pike. *I.e*., no accompanying statement or written complaint filed, signed, *etc*., by land owner Windell Duncan period."[1] (*Id*.) Plaintiff asserts Defendant Pike's written discovery responses support Plaintiff's position that there are material facts in dispute. (*Id*. at 3.) Plaintiff did not, however, file the discovery responses (*Id*. at

---

[1] Mr. Duncan passed away before this lawsuit was filed. (*See* Doc. No 2 at 7; Doc. No. 11 at 6.)

6

2)—or any other evidence—along with his motion.  And while Plaintiff did file "Plaintiff's Interrogatories to Defendants" months before the currently-pending motions for summary judgment, that document contains Plaintiff's propounded discovery—but no responses.  (Doc. No. 41.)  In short, Plaintiff is relying on his self-serving statements to defeat summary judgment.

In Arkansas, "[a] person commits residential burglary if he . . . enters . . . a residential occupiable structure of another person with the purpose of committing in the . . . structure any offense punishable by imprisonment." Ark. Code Ann. § 5-39-201.  "A person commits criminal trespass if he . . . purposely enters or remains unlawfully in or upon [t]he premises owned or leased by another person." Ark. Code Ann. § 5-39-203(a)(2).  Plaintiff does not contest that Deputy Thurman arrived at the trailer in response to a call from dispatch with a report that Plaintiff was breaking in to the trailer, that Plaintiff was on the property in question, or that Plaintiff had been in the trailer  (Doc. No. 54 at 6-7.)  And rather than explaining his situation to Deputy Thurman— or any other officer present that day—Plaintiff ran from the trailer into the woods and hid (*Id*. at 7); the officers did not find him that day.  And Deputy Thurman found Ms. Walton coming out from underneath the trailer.  (Doc. No. 50-2 at 2.)  Even disregarding any hearsay contained in the incident report, *see Walker v. Wayne County*, Iowa, 850 F.2d 433, 434-35 (8th Cir. 1988), the circumstances gave reason for Deputy Thurman to believe there was a substantial chance Plaintiff was engaging in criminal activity.  Under these circumstances, it was reasonable for Deputy Thurman to submit his affidavit in support or the arrest warrant in connection with the alleged violations of residential burglary and criminal trespass.  *See Franks v. Delaware*, 438 U.S. 154, 165 (1978) (affidavit information establishing probable cause must be truthful in the sense that it is accepted by the affiant as true.)

Plaintiff's Amended Complaint implies Defendant Pike influenced what was in the incident report and thus the affidavit for arrest: "Thurman's affidavit was nothing but a well concocted Tim Pike induced fairy tale . . . ." (Doc. No. 54 at 4.)  At summary judgment, however, Plaintiff has not submitted any evidence in support of his position.  For example, Plaintiff submitted no evidence establishing Deputy Thurman knew the information in his affidavit was false.  Rather, Plaintiff provides in his Amended Complaint that he entered the trailer and built a fire. (Doc. No. 11 at 5.)  Plaintiff has not submitted a declaration from Mr. Duncan's son that Plaintiff resided with permission on the property; bills reflecting his residence; copies of checks, money orders, or other receipts reflecting payments he made for costs incurred at the trailer (repairs, utilities, *etc.*); or mail addressed to him at the address in question.  And he submitted no evidence that establishes Defendants knew he lawfully resided at the residence.  Rather, he relies on his self-serving statements to challenge his arrest and the underlying affidavit.  Plaintiff's allegations require the Court to connect many dots, but he simply had not come forward with the evidence needed to do so.  And notably, in Plaintiff's Amended Complaint he explains that he did not have the key to the new lock on the driveway gate, so he had to park at the highway and walk to the trailer; he also explained that he brought his squatter's rights to the attention of Sheriff's Department officials. (Doc. No. 11 at 5, 7.)  Even the allegations in his Amended Complaint call into question the capacity in which Plaintiff was on the property and in the trailer.

C.     **Probable Cause for the Arrest Warrant and Plaintiff's Arrest**

The bench warrant for Plaintiff's arrest was in connection with alleged criminal trespass and residential burglary.  Again, Plaintiff does not contest that he was on the property, in the trailer, or that Deputy Thurman arrived at the trailer in response to dispatch.  And rather than explaining his situation to Deputy Thurman—or any other officer present—while he was at the trailer,

Plaintiff ran into the woods (Doc. No. 54 at 7); the officers did not find him that day. Again, there is no evidence to support Plaintiff's allegation that he lived at the trailer and Defendants knew so.

"Probable cause is not a high bar." *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 586 (2018) (internal citation omitted). "It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." (*Id.*) (internal citation omitted). Probable cause existed for the warrant. And the warrant was facially valid. "An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1989) (internal citation omitted). An arresting officer may, however, be found liable if he had knowledge that the arrest would be illegal despite the existence of the warrant. *See U.S. v. Leon*, 468 U.S. 897, 922 n.23 (1984); *Stigall v. Madden*, 26 F.3d 867, 869 (8th Cir. 1994). Here, it appears that Defendants Gurley and Pike served the warrant. (Doc. No. 11 at 9; Doc. No. 50-2 at 8.) Again, Plaintiff has not come forward with evidence why they should not have; he has not established that either Defendant knew the arrest would be illegal despite the existence of the warrant. And it is irrelevant to Plaintiff's claims regarding his arrest that the charges against him were ultimately *nolle prossed*. *See Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). Accordingly, Defendants are entitled to qualified immunity in connection with Plaintiff's arrest and subsequent detention; summary judgment should be entered in their favor.

    **D.**    **Unlawful Seizure of Plaintiff's Vehicle**

Plaintiff sued Defendants under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir.2009) (internal citation omitted).

While the deprivation of an arrestee's or detainee's property may call the Due Process Clause into play, the deprivation described by Plaintiff in this case does not. His claim that Defendant Pike unlawfully towed his minivan, which was not in the impound lot when Plaintiff bonded out, fails because there is no due process violation when an adequate post-deprivation remedy exists. The State of Arkansas provides a post-deprivation remedy—an action for conversion—and Plaintiff has not alleged the remedy is inadequate. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984). To the extent Plaintiff may be alleging negligence, the claim fails because the Due Process Clause is not implicated by the negligent act of an official causing the unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Accordingly, Plaintiff has failed to state a claim for deprivation of property and that claim should be dismissed.

IV.   **CONCLUSION**

      IT IS, THEREFORE, RECOMMENDED that:

      1.   The Motion for Summary Judgment filed by Defendants Randy Gurley and Tim Pike (Doc. No. 48) be GRANTED.

      2.   Plaintiff's Motion for Summary Judgment (Doc. No. 54) be DENIED.

      3.   Plaintiff's claims against Defendants Gurley and Pike be DISMISSED with prejudice.

      4.   This case be DISMISSED.

      5.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

      DATED this 18th day of June 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE